FILED

07 NOV 30 PM II: 43

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2400
FACSIMILE 714-668-2490

Donald E. Bradley (State Bar No. 145037)
d.bradley@mpglaw.com
Attorneys for Defendant, Trans Union LLC

*"VIA FAX"*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SAM MAHAMOUD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CMRE FINANCIAL SERVICES, INC., a California corporation; TRANS UNION, L.L.C., a limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV 07 2260 H (WMC)<br><br>**NOTICE OF REMOVAL BY DEFENDANT TRANS UNION LLC**<br><br>[Removed from San Diego Superior Court, Case No. 37-2007-00078698-CU-MC-CTL]<br><br>[Notice of Interested Parties and Declaration of Donald E. Bradley filed concurrently herewith]<br><br>Complaint Filed: October 30, 2007 |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, Trans Union LLC ("Trans Union"), hereby removes to this Court the state action described below.

1.      On October 30, 2007, an action was commenced against Trans Union in the Superior Court for the County of San Diego, California, entitled Sam Mahamoud v. CMRE Financial Services, Inc., et al., Case Number 37-2007-00078698-CU-MC-CTL. A complete and accurate copy of the Complaint in that action is attached as Exhibit A.

560358.1

2.     The first date on which defendant, Trans Union, received a copy of the summons and complaint that conferred jurisdiction upon this Court was November 5, 2007. A complete and accurate copy of the summons and notice of service is attached collectively hereto as Exhibit B.

3.     Defendant, CMRE Financial Services, Inc. ("CMRE"), received a copy of the summons and complaint by mail on November 2, 2007, and consents to removal. See Bradley Declaration, paragraph 5. A complete and accurate copy of the consent of CMRE is attached hereto as Exhibit C.

4.     Defendant, Experian Information Solutions, Inc. ("Experian"), received a copy of the summons and complaint by mail on November 9, 2007, and consents to removal. See Bradley Declaration, paragraph 6. A complete and accurate copy of the Experian's consent is attached hereto as Exhibit D.

5.     A complete and accurate copy of the answer of Trans Union filed in the State Court action is attached hereto as Exhibit E.

6.     On or about November 28, 2007, Experian filed its answer in the State Court action. A complete and accurate copy is attached hereto as Exhibit F.

7.     On or about November 29, 2007, CMRE filed its answer in the State Court action. A complete and accurate copy is attached hereto as Exhibit G.

8.     To the best of Counsel's knowledge, no other proceedings, process, pleadings, orders, or other papers have been filed or served in the state court action. See Bradley Declaration, paragraph 11.

9.     This removal is timely in that it is being filed and served within 30 days of the date all defendants received a copy of Plaintiff's Complaint containing the basis for removal.

10.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendants pursuant to 28 U.S.C. § 1441(b) in that it arises under the Federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681, et seq. and the Federal Fair

1   Debt Collection Practices Act, codified at 15 U.S.C. § 1692, et seq., as pled in

2   Plaintiff's Complaint.  This Court may exercise supplemental jurisdiction over

3   Plaintiff's alleged state law claims pursuant to the provisions of 28 U.S.C. §

4   1367(a).

5           11.   All defendants have consented to the removal of this action from

6   the state court to this Court.

7

8   DATED: November 30, 2007        MUSICK, PEELER & GARRETT LLP

9

10                                  By: _____
                                        Donald E. Bradley
11                                      Attorneys for Defendant, Trans Union
                                        LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF ORANGE

     I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

     On November 30, 2007, I served the foregoing document(s) described as **NOTICE OF REMOVAL BY DEFENDANT TRANS UNIONLLC** on the interested parties in this action as follows:

     **See Attached List**

☐   **BY PERSONAL DELIVERY.** I delivered such envelope by hand to the offices of the addressee.

☒   **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Costa Mesa, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. I caused the machine to print a transmission record of the transmission. No errors were reported.

☐   **BY FEDERAL EXPRESS.** I caused such envelope to the deposited at the Federal Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business for delivery to the addressee.

☐   **BY ECF.** I caused such documents to be e-filed with the Court which were then served via the ECF filing system.

☐   **BY EMAIL.** I emailed such documents to the addressees at their email addresses on the attached list.

     Executed on November 30, 2007, at Costa Mesa, California.

☒   **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Karen S. Reisner

477004.1

1

## SERVICE LIST

2

Lilys D. McCoy
McCoy Turnage & Robertson APLC

3

5469 Keany Villa Rd., Ste. 206
San Diego, CA 92123

4

Phone: 858-300-1900
Fax: 858-300-1910

5

ldm@mtrlawfirm.com

Allan E. Anderson
Ropers Majeski Kohn & Bentley
515 So. Flower St., Ste. 1100
Los Angeles, CA 90071
Phone: 213-312-2000
Fax: 213-312-2001
aanderson@rmkb.com

6

Edward S. Chang
Jones Day

7

3 Park Plaza, Ste. 1100
Irvine, CA 92614

8

Phone: 949-851-3939
Fax: 949-553-7539

9

echang@jonesday.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

477004.1

2

**EXHIBIT A**

Lilys D. McCoy, SBN 156918
**MCCOY, TURNAGE & ROBERTSON, APLC**
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel: 858-300-1900
Fax: 858-300-1910

Attorneys for Plaintiff SAM MAHAMOUD

FILED
CIVIL BUSINESS OFFICE 5

2007 OCT 30 P 2: 50

CLERK-SUPERIOR COURT
SAN DIEGO

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| SAM MAHAMOUD, an individual, )<br><br>Plaintiff, )<br><br>v. )<br><br>CMRE FINANCIAL SERVICES, INC. a )<br>California corporation; TRANS UNION, )<br>L.L.C., a limited liability company; )<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC., a corporation; and )<br>DOES 1 through 100 inclusive, )<br><br>Defendants. )<br>_____ ) | Case No. 37-2007-00078698-CU-MC-CTL<br><br>**COMPLAINT FOR DAMAGES**<br><br>• **VIOLATION OF THE FAIR CREDIT REPORTING ACT;**<br>• **DEFAMATION OF CREDIT**<br>• **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br>• **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW the plaintiff, SAM MAHAMOUD, by counsel, and alleges against the defendants as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (the Federal Fair Credit Reporting Act) and other consumer protection acts, as described more fully herein.

2.    The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting, that consumer reporting agencies, also called "credit bureaus," have assumed a vital role in assembling and evaluating consumer credit, and that there is a need to insure that consumer reporting agencies exercise their responsibilities with fairness, impartiality and a respect for the consumer's rights to privacy. (See 15 U.S.C. §

*McCoy, Turnage & Robertson, APLC*
*5469 Kearny Villa Road, Suite 206*
*San Diego, California 92123*
*Tel (858)300-1900 / Fax (858)300-1910*

1
COMPLAINT FOR DAMAGES

privacy. (See 15 U.S.C. § 1681.)

3.     This is also an action for actual damages, statutory damages, costs and attorneys' fees pursuant to the Fair Debt Collection Practices Act (15 U.S.C. 1692, *et seq.* [hereinafter referred to as the "FDCPA"].)

4.     The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to martial instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. § 1692(a)-(e).)

5.     This is also an action for actual damages, statutory damages, costs and attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act (California Civil Code § 1788 et seq. (hereinafter referred to as the "RFDCPA").

6.     The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

7.     Plaintiff, by his attorneys, brings this action to challenge the actions of defendants CMRE FINANCIAL SERVICES, INC. a California corporation; TRANS UNION, L.L.C., a limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; and DOES 1 through 100 inclusive, with regard to defendants' failure to conduct adequate investigations of plaintiff's attempts to dispute certain inaccuracies

McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910

2

under the above-referenced statutes, which caused plaintiff actual, compensatory and incidental damages.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, Section 10, because this case is a cause not given by statute to other trial courts.

9.     This Court has jurisdiction over defendants as they are corporations that are either based in, authorized or registered to conduct, or in fact does conduct, substantial business in the State of California. Defendants have sufficient minimum contacts with California, or otherwise intentionally avails itself of the markets within California, through the collection of monies and the promotion, sale, marketing, and/or distribution of its products and services in California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

10.     Venue is proper in this County as the acts upon which this action is based occurred in this county. Plaintiff resides in this county and/or bought the products and services at issue and received communications from defendants in this county, and were thereby injured and/or subjected to irreparable harm in this venue. Defendants received substantial compensation and profits from its sale of products and services in this county, caused misrepresentations to be disseminated, entered into transactions, and breached agreements in this county. Thus, defendants' liability arose primarily in this county.

## PARTIES

11.     Plaintiff is a natural person and resident of the State of California. He is a "consumer" as defined by 15 U.S.C. § 1681 a(c).

12.     Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; ("EXPERIAN") and DOES 1 through 20 are business entities authorized to do business in the State of California.

13.     Upon information and belief, EXPERIAN and DOES 1 through 20 are a "consumer reporting agency," as defined in 15 U.S.C. §1681(f). Upon information and

McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910

belief, EXPERIAN and DOES 1 through 20 are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined at 15 U.S.C. §1681(d), to third parties.

14.    Upon information and belief, EXPERIAN and DOES 1 through 20 disburse such consumer reports to third parties under contract for monetary compensation.

15.    Upon information and belief, TRANS UNION, L.L.C., ("TRANS UNION") and DOES 21 through 40 authorized to do business in the State of California.

16.    Upon information and belief, TRANS UNION and DOES 21 through 40 are "consumer reporting agencies" as defined at 15 U.S.C. §1681(f). Upon information and belief, TRANS UNION and DOES 21 through 40 are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined at 15 U.S.C. §1681(d), to third parties.

17.    Upon information and belief, TRANS UNION and DOES 21 through 40 disburse such consumer reports to third parties under contract for monetary compensation.

18.    Plaintiff is informed and believes that defendant CMRE FINANCIAL SERVICES, INC. is a collection company and not governmental agency or entity.

19.    Plaintiff is informed and believes that defendants CMRE FINANCIAL SERVICES, INC. and DOES 41 through 60 are persons who use an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or is a creditor who, in the process of collecting his own debts, uses a name other than his own which would indicate that a third person is collecting or attempting to collect such debts, and are, therefore, "debt collectors," as that terms is defined by 15 U.S.C. § 1692a(6).

20.    Plaintiff is informed and believes that defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code section 1788.2(b), and are, therefore "debt collectors" as that term

McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910

is defined by California Civil Code section 1788.2(c).

21.    Plaintiff is informed and believes that this case involves money, property or other equivalent, alleged to be due or owing from a natural person by reason of a consumer credit transaction with defendants or their assignors.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code section 1788.2(f).

22.    The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 100, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names, pursuant to Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is involved in, entitled to, or in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff herein alleged.  Plaintiff requests that when the true names and capacities of these Defendants DOE are ascertained, they may be inserted, and in all subsequent proceedings, and that this action may proceed against them under their true names.

23.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants DOES 1 through 100, were agents or employees of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of her authority as such agent or employee and with the permission and consent of their co-defendants, and each of them.

## FACTUAL ALLEGATIONS

24.    Plaintiff's former roommate stole his identify and checked himself into the emergency room at Scripps Mercy Hospital in July 2005.  Plaintiff noticed the theft in August of 2005 and filed a police report on September 1, 2005.

25.    In or about November 2006, CMRE and DOES 41 through 60 reported a

McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910

McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910

1    delinquent account for services rendered by Radiology Medical Group, Inc. to plaintiff's

2    credit files with TRANSUNION and EXPERIAN.

3        26.    Plaintiff faxed a copy of the police report to CMRE and DOES 41 through 60,

4    who assured plaintiff that they would delete their trade-line from plaintiff's consumer

5    credit files.

6        27.    As of January, 2007, however, the negative CMRE trade-line was still in

7    plaintiff's consumer credit files. Plaintiff contacted CMRE and DOES 41 through 60 and

8    was informed that a glitch had caused the deletion request to not be forwarded to the

9    Consumer Reporting Agencies ("CRAs"). Plaintiff's case manager, Wes Grande, assured

10   plaintiff that the error would be corrected and the trade-line deletion request would be

11   processed.

12       28.    In March 2007, the inaccurate CMRE trade-line was still on plaintiff's CRA

13   reports. Plaintiff contacted Wes Grande again who then brushed plaintiff off and told

14   plaintiff that it was plaintiff's duty to have the account deleted. In a good faith attempt to

15   resolve this matter short of litigation, plaintiff contacted the CRAs and asked them to re-

16   investigate the claim. Plaintiff is informed and believes that the CRAs and CMRE and

17   DOES 1 through 60 failed to properly investigate the dipsuted item.

18       29.    The CRAs and CMRE and DOES 1 through 60 continue to report the debt on

19   plaintiff's credit reports, despite having adequate proof that the debt is not plaintiff's.

20       30.    Plaintiff is also informed and believes and thereon alleges that, during all

21   times relevant herein, EXPERIAN and TRANS UNION and DOES 1 through 40 did and do

22   not have any procedure(s) or system in place to reconcile the information each obtained

23   from their creditor-customers. EXPERIAN and TRANS UNION and DOES 1 through 40

24   each had actual knowledge and notice of this problem.

25       31.    Plaintiff is further informed and believes and thereon alleges that EXPERIAN

26   and TRANS UNION and DOES 1 through 40 each received plaintiff's disputes, but in each

27   case wholly and entirely failed to conduct the re-investigations required by law. Instead,

28   they merely "parroted" the information dictated to them by their creditor-customers.

<div align="center">

6

COMPLAINT FOR DAMAGES
</div>

1    When any changes were  made to plaintiff's credit files, this was only because of the

2    instructions provided by the creditors.

3         32.    Upon information and belief, plaintiff alleges that on one or more occasions

4    EXPERIAN and/or TRANS UNION and/or DOES 1 through 40 forwarded plaintiff's

5    disputes to defendants CMRE and DOES 41 through 60.  Upon information and belief,

6    defendants CMRE and DOES 41 through 60  received notice of plaintiff's disputes and

7    despite this notice, failed and refused to investigate and correct their inaccurate reporting.

8         33.    Upon information and belief, plaintiff alleges that on their receipt of

9    plaintiff's disputes through EXPERIAN and TRANS UNION and DOES 1 through 40,

10   defendants CMRE and DOES 41 through 60 failed to reasonably or lawfully investigate

11   Plaintiff's disputes or to accurately report the results of such investigations.

12        34.    EXPERIAN and TRANS UNION and DOES 1 through 40 each prepared and

13   published to third parties multiple inaccurate consumer reports about plaintiff.

14   ___CAUSES OF ACTION AND CLAIMS FOR RELIEF AGAINST DEFENDANTS___

15                        **FIRST CAUSE OF ACTION**

16        **(VIOLATION OF 15 U.S.C. § 1681e(b) AGAINST DEFENDANTS**

17             **EXPERIAN, TRANS UNION AND DOES 1 THROUGH 40)**

18        35.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set

19   out herein.

20        36.    Defendants violated 15 U.S.C. §1681e(b) by failing to establish and follow

21   reasonable procedures to assure maximum possible accuracy in the preparation of the

22   consumer reports they prepared and published concerning plaintiff.

23        37.    As a result of this conduct, action and inaction of defendants, plaintiff

24   suffered damage in many ways, including credit damage, loss of the ability to purchase and

25   benefit from credit, mental and emotional pain and anguish, and humiliation and

26   embarrassment.

27        38.    The conduct, action and inaction of defendants was willful, rendering each

28   defendant liable for actual, statutory and punitive damages in an amount to be determined

McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910

1  by the court pursuant to 15 U.S.C. §1681n.   In the alternative, each defendant was

2  negligent, which entitles plaintiff to recover actual damages under 15 U.S.C. §1681o.

3      39.    Plaintiff is entitled to recover costs and attorneys' fees from defendants in

4  an amount to be determined by the court pursuant to 15 U.S.C. §§1681n and 1681o.

5  <center>**SECOND CAUSE OF ACTION**</center>

6  <center>**(VIOLATION OF 15 U.S.C. § 1681i AGAINST DEFENDANTS**</center>

7  <center>**EXPERIAN, TRANS UNION AND DOES 1 THROUGH 50)**</center>

8      40.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set

9  out herein.

10      41.    Defendants each violated 15 U.S.C. §1681i on multiple occasions, including

11  by example only and without limitation, by failing to delete inaccurate information in

12  plaintiff's credit files after receiving actual notice of such inaccuracies and plaintiff's

13  requests for a reinvestigation; by failing to maintain reasonable procedures to prevent to

14  reinsertion of inaccurate information in plaintiff's credit files; and by failing to provide

15  complete copies of the contents of plaintiff's credit file after the reinvestigation changes

16  were made.

17      42.    As a result of this conduct, action and inaction of defendants, plaintiff

18  suffered damage in many ways, including by example only and without limitation by credit

19  damage, loss of the ability to purchase and benefit from credit, mental and emotional pain

20  and anguish, and humiliation and embarrassment.

21      43.    The conduct, action and inaction of defendants was willful, rendering each

22  defendant liable for actual, statutory and punitive damages in an amount to be determined

23  by the court pursuant to 15 U.S.C. §1681n.   In the alternative, each defendant was

24  negligent, which entitles plaintiff to recover actual damages under 15 U.S.C. §1681o.

25      44.    Plaintiff is entitled to recover costs and attorneys' fees from defendants in

26  an amount to be determined by the court pursuant to 15 U.S.C. §§1681n and 1681o.

27

28

McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910

McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910

## THIRD CAUSE OF ACTION

### (VIOLATION OF 15 U.S.C. §1681s-2(b) AGAINST DEFENDANTS
### CMRE and DOES 41 THROUGH 60)

45.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set out herein.

46.    Upon information and belief, Plaintiff alleges that CMRE and DOES 41 THROUGH 60 each independently violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate plaintiff's disputes; by failing to review all relevant information regarding same; by publishing the representations within plaintiff's credit files after such investigations without also including a notation that this debts were disputed; and by failing to correctly report results of an accurate investigation to each consumer reporting agency.

47.    As a result of this conduct, action and inaction of CMRE and DOES 41 THROUGH 60, plaintiff suffered damage in many ways, including by example only and without limitation through credit damage, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, and humiliation and embarrassment.

48.    The conduct, action and inaction of CMRE and DOES 41 THROUGH 60 was willful, rendering each defendant liable for actual, statutory and punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. §1681n.  In the alternative, each defendant was negligent entitling plaintiff to recover actual damages under 15 U.S.C. §1681o.

49.    Plaintiff is entitled to recover costs and attorneys' fees from defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

## FOURTH CAUSE OF ACTION

### (DEFAMATION OF CREDIT AGAINST DEFENDANTS
### CMRE AND DOES 41 THROUGH 60 )

50.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set out herein.

McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910

51.  CMRE and DOES 41 THROUGH 60 published their accounts with an inaccurate status and history to EXPERIAN and/or TRANS UNION and DOES 1 through 40 and through them to all of plaintiff's potential lenders on multiple occasions (the "Defamations").

52.  The Defamations were willful and with legal malice. CMRE and DOES 41 THROUGH 60 did not have any reasonable basis to believe that plaintiff was responsible for the accounts as reported in the representations. Each defendant also had substantial evidence by which to have verified that the information reported was not accurate.

53.  The Defamation was made with legal malice and a willful intent to injure plaintiff by placing derogatory credit information on their credit reports as punishment for what CMRE and DOES 41 THROUGH 60 believed was a failure to pay them in accordance with its instructions and demands. CMRE and DOES 41 THROUGH 60 did not have any reasonable basis to believe that plaintiff was responsible for the accounts reported in the representations. Further, CMRE and DOES 41 THROUGH 60 willfully adopted procedures which wholly ignore the demands of consumers to remove inaccurate credit information from their credit files.

54.  As a result of this conduct, action and inaction of CMRE and DOES 41 THROUGH 60 plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, and humiliation and embarrassment.

55.  The Defamations were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of plaintiff such as to justify an award of actual damages, punitive damages and attorneys fees and costs against each defendant in an amount to be determined by the court.

McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910

## FIFTH CAUSE OF ACTION

### (VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,

### 15 U.S.C. § 1692 *ET SEQ.* AGAINST DEFENDANTS

### CMRE and DOES 41 THROUGH 60)

56.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set out herein.

57.    The alleged debt in question is for a financial obligation for primarily personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

58.    Defendants violated 15 U.S.C. § 1692e(8), because they communicated false credit information, including the failure to communicate that a debt is disputed.

59.    The foregoing acts and/or omissions of defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

60.    As a result of defendants' violation of the FDCPA, plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from defendants.

## SIXTH CAUSE OF ACTION

### (VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES

### ACT, CALIFORNIA CIVIL CODE § 1788 *ET SEQ.* AGAINST DEFENDANTS

### CMRE and DOES 41 THROUGH 60)

61.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set out herein.

62.    Defendants violated 15 U.S.C. § 1692e(8), because they communicated false credit information, including the failure to communicate that a debt is disputed. The foregoing acts and/or omissions by each defendant constitutes numerous and multiple violations of the RFDCPA.

11

63.    As a result of defendant's violations of the RFDCPA, plaintiff has suffered out-of-pocket expenses and is entitled to actual damages pursuant to California Civil Code §1788.30(a), statutory damages for a knowing or willful violation pursuant to California Civil Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from each defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered as follows:

### FIRST CAUSE OF ACTION

### Fair Credit Reporting Act - 15 U.S.C. § 1681e(b)

1.    An award of consequential, incidental and compensatory damages in an amount to be determined at trial pursuant to 15 U.S.C. §1681n;

2.    An award of consequential, incidental and compensatory damages in an amount to be determined at trial pursuant to 15 U.S.C. §1681o;

3.    An award of statutory damages pursuant to 15 U.S.C. §1681n;

4.    An award of punitive damages in an amount to be determined at trial pursuant to 15 U.S.C. §1681o;

5.    An award of costs of litigation and reasonable attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o;

6.    An award of pre-judgment interest at the legal rate;

7.    An award of post-judgment interest at the legal rate; and

8.    For any other relief that the court deems just and proper.

### SECOND CAUSE OF ACTION

### Fair Credit Reporting Act - 15 U.S.C. § 1681i

1.    An award of consequential, incidental and compensatory damages in an amount to be determined at trial pursuant to 15 U.S.C. §1681n;

2.    An award of consequential, incidental and compensatory damages in an amount to be determined at trial pursuant to 15 U.S.C. §1681o;

3.    An award of statutory damages pursuant to 15 U.S.C. §1681n;

McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910

McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910

1       4.    An award of punitive damages in an amount to be determined at trial
2   pursuant to 15 U.S.C. §1681o;

3       5.    An award of costs of litigation and reasonable attorneys' fees in an amount
4   to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o;

5       6.    An award of pre-judgment interest at the legal rate;

6       7.    An award of post-judgment interest at the legal rate; and

7       8.    For any other relief that the court deems just and proper.

8   <div align="center">**THIRD CAUSE OF ACTION**</div>

9   <div align="center">**Fair Credit Reporting Act**</div>

10  <div align="center">**Fair Credit Reporting Act - 15 U.S.C. §1681s-2(b)**</div>

11      1.    An award of consequential, incidental and compensatory damages in an
12  amount to be determined at trial pursuant to 15 U.S.C. §1681n;

13      2.    An award of consequential, incidental and compensatory damages in an
14  amount to be determined at trial pursuant to 15 U.S.C. §1681o;

15      3.    An award of statutory damages pursuant to 15 U.S.C. §1681n;

16      4.    An award of punitive damages in an amount to be determined at trial
17  pursuant to 15 U.S.C. §1681o;

18      5.    An award of costs of litigation and reasonable attorneys' fees in an amount
19  to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o;

20      6.    An award of pre-judgment interest at the legal rate; and

21      7.    An award of post-judgment interest at the legal rate; and

22      8.    For any other relief that the court deems just and proper.

23  <div align="center">**FOURTH CAUSE OF ACTION**</div>

24  <div align="center">**Defamation of Credit**</div>

25      1.    An award of compensatory damages in an amount to be determined at trial;

26      2.    An award of general damages in an amount to be determined at trial;

27      3.    An award of punitive damages in an amount to be determined at trial;

28      4.    An award of pre-judgment interest at the legal rate;

5.     An award of post-judgment interest at the legal rate; and

6.     For any other relief that the court deems just and proper.

## FIFTH CAUSE OF ACTION

### Fair Debt Collection Practices Act

1.     An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

2.     An award of statutory damages of $1,000 per violation pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.     An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against defendants in an amount to be determined at trial;

4.     An award of pre-judgment interest at the legal rate;

5.     An award of post-judgment interest at the legal rate; and

6.     For any other relief that the court deems just and proper.

## SIXTH CAUSE OF ACTION

### Rosenthal Fair Debt Collection Practices Act

1.     For an award of actual damages pursuant to California Civil Code § 1788.30(a) against all Defendants in an amount to be determined at trial;

2.     For an award of statutory damages statutory damages of $1,000 per violation pursuant to California Civil Code § 1788.30(b);

3.     For an award of costs of litigation and reasonable attorneys' fees pursuant to California Civil Code § 1788.30(c):

4.     An award of pre-judgment interest at the legal rate;

5.     An award of post-judgment interest at the legal rate; and

6.     For any other relief that the court deems just and proper.

McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910

1

## TRIAL BY JURY

2    Plaintiff is entitled to and hereby demands a trial by jury.

3    DATED: October 20, 2007                MCCOY, TURNAGE & ROBERTSON, APLC

4

5                                          By: _____

6                                          Lilys D. McCoy

7                                          Attorneys for Plaintiff SAM MAHAMOUD

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CMRE FINANCIAL SERVICES, INC. a California corporation;
TRANS UNION, L.L.C., a limited liability company; EXPERIAN
INFORMATION SOLUTIONS, INC., a corporation; (see attach.)

CIVIL BUSINESS OFFICE S

2007 OCT 30  P 2: 50

CLERK SUPERIOR COURT
SD CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SAM MAHAMOUD, an individual

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, San Diego County
330 West Broadway
San Diego, California 92101

CASE NUMBER *(Número del Caso):*
37-2007-00078698-CU-MC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lilys D. McCoy, McCoy, Turnage & Robertson, APLC, 858-300-1900
5469 Kearny Villa Road, Suite 206, San Diego, California 92123

| DATE: | OCT 3 0 2007 | Clerk, by | E. Jensen | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com



**CORPORATION SERVICE COMPANY**

LDD / ALL
Transmittal Number: 5429030
Date Processed: 11/06/2007

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | SOP Scan - TransUnion<br>SOP - PowerBrief - Wilmington<br>Sop - Scan<br>Suite 400 2711 Centerville Road<br>Wilmington, DE 19808 |

| | |
|---|---|
| **Entity:** | Trans Union LLC<br>Entity ID Number  1884665 |
| **Entity Served:** | Trans Union, L.L.C. |
| **Title of Action:** | Sam Mahamoud vs. CMRE Financial Services, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court:** | San Diego Superior Court, California |
| **Case Number:** | 37-2007-00078698-CU-MC-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/05/2007 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| **Plaintiff's Attorney:** | Lilys D. McCoy<br>858-300-1900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**EXHIBIT C**

ALLAN E. ANDERSON (SBN 133672)
SEAN P. FLYNN (SBN 220184)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA 90071
Telephone:  (213) 312-2000
Facsimile:  (213) 312-2001
Email:     aanderson@rmkb.com

Attorneys for Defendant
CMRE FINANCIAL SERVICES, INC., a
California corporation

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM MAHAMOUD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CMRE FINANCIAL SERVICES, INC., a California corporation; TRANS UNION, LLC., a limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**CONSENT TO REMOVAL BY DEFENDANT CMRE FINANCIAL SERVICES, INC.**<br><br>[Removed from San Diego Superior Court, Case No. 37-2007-00078698-CU-MC-CTL] |

Defendant, CMRE Financial Services, Inc., a California corporation,

(CMRE),  through its undersigned counsel, and without waiving any defenses,

hereby joins in and consents to the removal of this action from the Superior Court

of the State of California, County of San Diego, to this Court.

\\\

\\\

\\\

RCI/5028912.1/PF1

CONSENT TO REMOVAL BY DEFENDANT
CMRE FINANCIAL SERVICES, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1      CMRE received a copy of the Summons and Complaint on November 2,

2  2007. A copy of this pleading is attached to Trans Union's Notice of Removal.

3

4  Dated:   November __17__, 2007      ROPERS, MAJESKI, KOHN &
                                    BENTLEY

5

6                                     By:_____

7                                    ALLAN E. ANDERSON
                                    SEAN P. FLYNN

8                                    Attorneys for Defendant
                                    CMRE FINANCIAL SERVICES,

9                                    INC., a California corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

RC1/5028912.1/PF1                          - 2 -            CONSENT TO REMOVAL BY DEFENDANT
                                                           CMRE FINANCIAL SERVICES, INC.

1

**MUSICK, PEELER & GARRETT** LLP
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2400
FACSIMILE 714-668-2490

2

3

Donald E. Bradley (State Bar No. 145037)
d.bradley@mpglaw.com
Attorneys for Defendant, Trans Union LLC

4

5

6

7

8

9

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| SAM MAHAMOUD, an individual, | Case No. |
| Plaintiff, | **CONSENT TO REMOVAL BY DEFENDANT, EXPERIAN INFORMATION SOLUTIONS, INC.** |
| vs. | |
| CMRE FINANCIAL SERVICES, INC., a California corporation; TRANS UNION, L.L.C., a limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; and DOES 1 through 100, inclusive, | [Removed from San Diego Superior Court, Case No. 37-2007-00078698-CU-MC-CTL] |
| Defendants. | |

11

12

13

14

15

16

17

18

19

20

21          Defendant, Experian Information Solutions, Inc. ("Experian"), through

22   its undersigned counsel, and without waiving any defenses, hereby joins in and

23   consents to the removal of this action from the Superior Court of the State of

24   California, County of San Diego, to this Court.

25   ///

26   ///

27   ///

28

560399.1

**CONSENT TO REMOVAL BY DEFENDANT, EXPERIAN INFORMATION SOLUTIONS, INC.**

1         Experian received a copy of the Summons and Complaint on

2   November 9, 2007. A copy of this pleading is attached to Trans Union's Notice of

3   Removal.

4

5   DATED: November ___, 2007     JONES DAY

6

7                         By;_____
                            Edward S. Chang

8                               Attorneys for Defendant, Experian
                            Information Solutions, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

560399.1                  2
CONSENT TO REMOVAL BY DEFENDANT, EXPERIAN INFORMATION SOLUTIONS, INC.

**EXHIBIT E**

1    **MUSICK, PEELER & GARRETT** LLP
      ATTORNEYS AT LAW
2      650 TOWN CENTER DRIVE, SUITE 1200
     COSTA MESA, CALIFORNIA 92626-1925
      TELEPHONE 714-668-2400
3       FACSIMILE 714-668-2490

4    Donald E. Bradley (State Bar No. 145037)
    d.bradley@mpglaw.com

5    Attorney for Defendant, Trans Union LLC

6

7           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8               **FOR THE COUNTY OF SAN DIEGO**

9

| | |
|---|---|
| 10   SAM MAHAMOUD, an individual, | Case No. 37-2007-00078698-CU-MC-CTL |
| 11        Plaintiff, | Complaint Filed: October 30, 2007 |
| 12       vs. | **ANSWER AND AFFIRMATIVE DEFENSES OF TRANS UNION LLC TO COMPLAINT FOR DAMAGES** |
| 13   CMRE FINANCIAL SERVICES, INC. a California corporation; TRANS UNION L.L.C., a limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; and DOES 1 through 100 inclusive, | |
| 16        Defendants. | |

18

19        Defendant Trans Union LLC for itself and no other, by and through its attorneys,

20   Musick Peeler & Garrett LLP, hereby answers the captioned Complaint as follows:

21                   **GENERAL DENIAL**

22       1.      Pursuant to the provisions of California Code of Civil Procedure

23   §431.30(d), Trans Union denies generally and specifically all of the allegations contained in the

24   captioned Complaint, and each and every alleged cause of action alleged against Trans Union,

25   and further denies that Plaintiff was damaged or injured in any sum, or at all, by reason of any

26   act, or omission to act, or any other conduct on the part of Trans Union, or any of its agents or

27   employees.

28

560242.1

                      1

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2007 NOV 21  A 11: 16

CLERK - SUPERIOR COURT
SAN DIEGO COUNTY. CA

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.    Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

### SECOND DEFENSE

2.    On information and belief, Trans Union alleges that any purported damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of third parties over whom Trans Union has neither control nor responsibility.

### THIRD DEFENSE

3.    Some or all of Plaintiff's claims against Trans Union are barred by applicable statutes of limitations, including, but not limited to, 15 U.S.C. §1681p.

### FOURTH DEFENSE

4.    Trans Union has complied with the provisions of the FCRA, 15 U.S.C. §§1681a-x, in its handling of Plaintiff's credit file, and is entitled to each and every defense afforded to it by that Act.

### FIFTH DEFENSE

5.    Plaintiff, though under a duty to do so, has failed and neglected to reasonably mitigate his alleged damages and, therefore, cannot recover against Trans Union, whether as alleged, or otherwise.

### SIXTH DEFENSE

6.    Without admitting that it has the burden of proof on the issue, Trans Union alleges that at all times relevant to the Complaint, it followed reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's Trans Union credit reports.

### SEVENTH DEFENSE

7.    At all times relevant to the Complaint, Trans Union conducted proper reinvestigation procedures concerning Plaintiff in preparing consumer reports related to Plaintiff.

## EIGHTH DEFENSE

8.    Any credit report or other information released by Trans Union to a third party concerning Plaintiff was done with Plaintiff's explicit or implicit consent.

## NINTH DEFENSE

9.    Trans Union is informed and believes, and thereon alleges, that any purported damages sustained by Plaintiff, were, in whole or in part, caused by his own actions and resulted from Plaintiff's own negligence, equal to or exceeding any alleged wrongdoing by Trans Union.

## TENTH DEFENSE

10.    Trans Union is informed and believes, and thereon alleges, that Plaintiff's Complaint is barred by the doctrine of Unclean Hands.

## ELEVENTH DEFENSE

11.    Trans Union is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by res judicata.

## TWELFTH DEFENSE

12.    Trans Union is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by collateral estoppel.

## THIRTEENTH DEFENSE

13.    Trans Union reserves the right to assert additional defenses that it may learn of through the course of discovery.

## PRAYER

WHEREFORE, Defendant Trans Union LLC prays as follows:

1.    That Plaintiff take nothing by reason of his Complaint;

2.    That the Complaint be dismissed in its entirety as to Trans Union;

3.    That Trans Union be awarded its costs of suit and reasonable attorneys' fees incurred herein; and

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

560242.1                                    3
ANSWER AND AFFIRMATIVE DEFENSES OF TRANS UNION LLC
TO COMPLAINT FOR DAMAGES

4.     For such other and further relief as this Court may deem just and proper.

DATED: November 20, 2007          MUSICK, PEELER & GARRETT LLP

By: _____
      Donald E. Bradley
      Attorney for Trans Union LLC

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

560242.1

4

ANSWER AND AFFIRMATIVE DEFENSES OF TRANS UNION LLC
TO COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

On November 20, 2007, I served the foregoing document(s) described as **ANSWER AND AFFIRMATIVE DEFENSES OF TRANS UNION LLC TO COMPLAINT FOR DAMAGES** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**See Attached List**

☐ **BY PERSONAL DELIVERY.** I delivered such envelope by hand to the offices of the addressee.

☒ **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Costa Mesa, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with Rule 2003 and no error was reported by the machine. Pursuant to Rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐ **BY FEDERAL EXPRESS.** I caused such envelope to the deposited at the Federal Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business for delivery to the addressee.

Executed on November 20, 2007, at Costa Mesa, California.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Karen S. Reisner

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

560242.1

5

**ANSWER AND AFFIRMATIVE DEFENSES OF TRANS UNION LLC TO COMPLAINT FOR DAMAGES**

## SERVICE LIST

Lilys D. McCoy
McCoy Turnage & Robertson, APLC
5469 Kearny Villa Rd., Ste. 206
San Diego, CA 92123
Phone: 858-300-1900
Fax: 858-300-1910

Angela Taylor
Marc S. Carlson
Jones Day
3 Park Plaza, Ste. 1100
Irvine, CA 92614
Phone: 949-553-7525
Fax: 949-553-7539
ataylor@jonesday.com
mcarlson@jonesday.com

Allan E. Anderson
Sean P. Flynn
Ropers Majeski Kohn & Bentley
515 So. Flower St., Ste. 110
Los Angeles, CA 90071
Phone: 213-312-2000
Fax: 213-312-2001
aanderson@rmkb.com

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

560242.1

6

ANSWER AND AFFIRMATIVE DEFENSES OF TRANS UNION LLC
TO COMPLAINT FOR DAMAGES

**EXHIBIT F**

NOV-28-07  02:51PM  FROM-FIRST LEGAL SUPPORT                    +                T-431  P.02/02  F-870

1  Edward S. Chang (State Bar No. 241682)
   JONES DAY
2  3 Park Plaza
   Suite 1100
3  Irvine, CA  92614
   Telephone:     (949) 851-3939
4  Facsimile:     (949) 553-7539
   Email:         echang@jonesday.com
5
   Attorneys for Defendant
6  EXPERIAN INFORMATION SOLUTIONS, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11  SAM MAHAMOUD,                          CASE NO.
                                           37-2007-00078698-CU-MC-CTL
12             Plaintiff,
                                           Assigned for all purposes to
13      v.                                 Jeffrey B. Barton

14  CMRE FINANCIAL SERVICES, INC., a       ANSWER AND AFFIRMATIVE
    California corporation; EXPERIAN, L.L.C., a   DEFENSES OF EXPERIAN
15  limited liability company; EXPERIAN    INFORMATION SOLUTIONS, INC.
    INFORMATION SOLUTIONS, INC., a         TO COMPLAINT FOR DAMAGES
16  corporation; and DOES 1 through 100
    inclusive,
17
                                           Complaint Filed:  October 30, 2007
18             Defendants.

19

20

21          Defendant Experian Information Solution, Inc. ("Experian"), for itself and no others, by

22  and through its attorneys, Jones Day, hereby answers the captioned Complaint as follows:

23                              GENERAL DENIAL

24          1.      Pursuant to the provisions of California Code of Civil Procedure §431.30(d),

25  Experian denies generally and specifically all of the allegations contained in the captioned

26  Complaint, and each and every alleged cause of action alleged against Experian, and further

27  denies that Plaintiff was damaged or injured in any sum, or at all, by reason of any act, or

28  omission to act, or any other conduct on the part of Experian, or any of its agents or employees.

LAI-2917611v1

ANSWER AND AFFIRMATIVE DEFENSES OF EXPERIAN TO COMPLAINT FOR DAMAGES

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.        Plaintiff has failed to state a claim against Experian upon which relief may be granted.

### SECOND DEFENSE

2.        On information and belief, Experian alleges that any purported damages to Plaintiff, which Experian continues to deny, are the result of the acts or omissions of third parties over whom Experian has neither control nor responsibility.

### THIRD DEFENSE

3.        Some or all of Plaintiff's claims against Experian are barred by applicable statutes of limitations, including, but not limited to, 15 U.S.C. §1681p.

### FOURTH DEFENSE

4.        Experian has complied with the provisions of the FCRA, 15 U.S.C.§ § 1681 a-x, in its handling of Plaintiff's credit file, and is entitled to each and every defense afforded to it by that Act.

### FIFTH DEFENSE

5.        Plaintiff, though under a duty to do so, has failed and neglected to reasonably mitigate his alleged damages and, therefore, cannot recover against Experian, whether as alleged, or otherwise.

### SIXTH DEFENSE

6.        Without admitting that it has the burden of proof on the issue, Experian alleges that at all times relevant to the Complaint, it followed reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's Experian credit reports.

### SEVENTH DEFENSE

7.        At all times relevant to the Complaint, Experian conducted proper reinvestigation procedures concerning Plaintiff in preparing consumer reports related to Plaintiff.

///

///

**ANSWER AND AFFIRMATIVE DEFENSES OF EXPERIAN TO COMPLAINT FOR DAMAGES**

**EIGHTH DEFENSE**

8.          Any credit report or other information released by Experian to a third party concerning Plaintiff was done with Plaintiff's explicit or implicit consent.

**NINTH DEFENSE**

9.          Experian is informed and believes, and thereon alleges, that any purported damages sustained by Plaintiff, were, in whole or in part, caused by his own actions and resulted from Plaintiff's own negligence, equal to or exceeding any alleged wrongdoing by Experian.

**TENTH DEFENSE**

10.          Experian is informed and believes, and thereon alleges, that Plaintiff's Complaint is barred by the doctrine of Unclean Hands:

**ELEVENTH DEFENSE**

11.          Experian is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by res judicata.

**TWELFTH DEFENSE**

12.          Experian is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by collateral estoppel.

**THIRTEENTH DEFENSE**

13.    Experian reserves the right to assert additional defenses that it may learn of through the course of discovery.

**PRAYER**

WHEREFORE, Defendant Experian prays as follows:

1.          That Plaintiff take nothing by reason of his Complaint;

2.          That the Complaint be dismissed in its entirety as to Experian;

3.          That Experian be awarded its costs of suit and reasonable attorneys' fees incurred herein; and

/ / /

/ / /

/ / /

LAI-2917611v1                                        3

**ANSWER AND AFFIRMATIVE DEFENSES OF EXPERIAN TO COMPLAINT FOR DAMAGES**

1    4.    For such other and further relief as this Court may deem just and proper.

2

3    Dated: November 28, 2007                     Jones Day

4

5                                                 By:
                                                    Edward S. Chang
6
                                                 Attorneys for Defendant
7                                                EXPERIAN INFORMATION SOLUTIONS,
                                                 INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAI-2917611v1                              4

**ANSWER AND AFFIRMATIVE DEFENSES OF EXPERIAN TO COMPLAINT FOR DAMAGES**

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3 Park Plaza, Suite 1100, Irvine, California 92614. On November 28, 2007, I deposited with UPS, a true and correct copy of the within documents:

**ANSWER AND AFFIRMATIVE DEFENSES OF EXPERIAN INFORMATION SOLUTIONS, INC. TO COMPLAINT FOR DAMAGES**

in a sealed envelope, addressed as follows:

Lilys D. McCoy, Esq.
McCoy, Turnage & Robertson, APLC
5469 Kearny Villa Rd., Suite 206
San Diego, CA 92123

Following ordinary business practices, the envelope was sealed and placed for collection by UPS on this date, and would, in the ordinary course of business, be retrieved by UPS for overnight delivery on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 28, 2007, at Irvine, California.

_Fawne S. Wallace_
Fawne S. Wallace

LAI-2917567v1

**PROOF OF SERVICE**

EXHIBIT G

1  ALLAN E. ANDERSON (SBN 133672)
   SEAN P. FLYNN (SBN 220184)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   515 South Flower Street, Suite 1100
3  Los Angeles, CA 90071
   Telephone:    (213) 312-2000
4  Facsimile:    (213) 312-2001
   Email:        aanderson@rmkb.com
5
   Attorneys for Defendant
6  CMRE FINANCIAL SERVICES, INC., a California
   corporation
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10

11 | SAM MAHAMOUD, an individual,          | Case No. 37-2007-00078698-CU-MC-CTL

12 |              Plaintiff,               | **ANSWER AND AFFIRMATIVE**
                                            **DEFENSES OF CMRE FINANCIAL**
13 |        v.                             | **SERVICES, INC.**

14 | CMRE FINANCIAL SERVICES, INC., a
     California corporation; TRANS UNION,
15 | LLC., a limited liability company;
     EXPERIAN INFORMATION SOLUTIONS,
16 | INC., a corporation, and DOES 1 through
     100, inclusive,
17
18 |              Defendants.

19

20        Defendant, CMRE Financial Services, Inc., a California corporation, (CMRE), through its

21 undersigned counsel, hereby answers the captioned Complaint as follows:

22                            **GENERAL DENIAL**

23

24        Pursuant to the provisions of California Code of Civil Procedure § 431.30 (d), CMRE

25 denies generally and specifically all of the allegations contained in the captioned Complaint, and

26 each and every alleged cause of action alleged against CMRE, and further denies that Plaintiff

27 was damages or injured in any sum, or at all, by reason of any act, or omission to act, or any other

28 conduct alleged on the part of CMRE, or any of its agents or employees.

RC1/5033704.1/SPF

ANSWER AND AFFIRMATIVE DEFENSES OF
CMRE FINANCIAL SERVICES, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1

**AFFIRMATIVE DEFENSES:**

2

As separate and distinct affirmative defenses to the Complaint, CMRE alleges as follows:

3

**First Affirmative Defense**

4

(Failure to State a Claim)

5

The Complaint, and each purported cause of action therein, fails to state facts sufficient to

6

constitute a cause of action against CMRE and further fails to state facts sufficient to entitle

7

Plaintiffs to the relief sought, or to any other relief whatsoever, from CMRE.

8

**Second Affirmative Defense**

9

(Immunity)

10

Plaintiffs' claims are barred as against CMRE by the qualified immunity of 15 U.S.C. §

11

1681h (e).

12

**Third Affirmative Defense**

13

(Preemption)

14

Plaintiffs' state law claims are barred as against CMRE by federal statutes, including 15

15

U.S.C. § 1681 et seq.

16

**Fourth Affirmative Defense**

17

(Truth/Accuracy)

18

Plaintiffs' clams are barred as against CMRE because al information CMRE

19

communicated to any third person regarding Plaintiffs was true.

20

**Fifth Affirmative Defense**

21

(Good Faith)

22

CMRE alleges that at all times it acted in good faith and with good cause.  The conduct of

23

CMRE was within the reasonable expectations of the parties and was reasonably related to

24

CMRE' legitimate business interests upon the basis of reasonable factors.

25

\\\

26

\\\

27

\\\

28

RCI/5033704.1/SPF

- 2 -

ANSWER AND AFFIRMATIVE DEFENSES OF
CMRE FINANCIAL SERVICES, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1  **Sixth Affirmative Defense**

2  (Failure to Mitigate)

3  The damages claimed by Plaintiffs could have been mitigated by due diligence on their

4  part or by one acting under similar circumstances.  Plaintiffs' failure to mitigate is a bar to their

5  recovery under the Complaint.

6  **Seventh Affirmative Defense**

7  (Estoppel)

8  The Complaint and each of its purported claims for relief are barred by the doctrine of

9  estoppel.

10  **Eighth Affirmative Defense**

11  (Waiver)

12  The Complaint and each of its purported claims for relief are barred by the doctrine of

13  waiver.

14  **Ninth Affirmative Defense**

15  (Unclean Hands)

16  The Complaint and each of its purported claims for relief are barred by the doctrine of

17  unclean hands.

18  **Tenth Affirmative Defense**

19  (Laches)

20  The Complaint and each of its purported claims for relief are barred by the doctrine of

21  laches.

22  **Eleventh Affirmative Defense**

23  (Statute of Limitations)

24  CMRE is informed and believes and thereon alleged that the applicable statutes of

25  limitation bar all claims for relief in the Complaint against CMRE.

26  \\\

27  \\\

28  \\\

RC1/5033704.1/SPF                    - 3 -                    ANSWER AND AFFIRMATIVE DEFENSES OF
                                                             CMRE FINANCIAL SERVICES, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1  **Twelfth Affirmative Defense**

2  (Contributory/Comparative Fault)

3  CMRE is informed and believes and thereon alleges that any alleged damages sustained

4  by Plaintiffs were, at least in part, caused by the actions of Plaintiffs and resulted from Plaintiffs'

5  own negligence, which equaled or exceeded any alleged negligence or wrongdoing by CMRE.

6  **Thirteenth Affirmative Defense**

7  (Intervening Cause)

8  Plaintiffs' alleged damages, which CMRE continues to deny, were not caused by CMRE

9  but by an independent intervening cause, including but not limited to accurate negative

10  information regarding Plaintiffs.

11  **Fourteenth Affirmative Defense**

12  (Indemnification)

13  CMRE is informed and believe and thereon alleges that any purported damages allegedly

14  suffered by Plaintiffs' is the result of the acts or omissions of third persons over whom CMRE

15  had neither control nor responsibility.

16  **Fifteenth Affirmative Defense**

17  (Improper Request for Punitive Damages)

18  Plaintiffs' Complaint does not allege facts sufficient to rise to the level of conduct

19  required to recover punitive damages, and thus all requests for punitive damages are improper.

20  **Sixteenth Affirmative Defense**

21  (Right to Assert Additional Defenses)

22  CMRE alleges that the Complaint does not describe the alleged actions with sufficient

23  particularity to permit it to ascertain what other defenses may exist. CMRE therefore reserves the

24  right to assert all defenses that may pertain to the Complaint.

25  **PRAYER**

26  WHEREFORE, Defendant CMRE prays as follows:

27  1.    Plaintiffs take nothing by reason of the Complaint herein;

28  2.    The Complaint be dismissed in its entirety as to CMRE;

RC1/5033704.1/SPF                    - 4 -                    ANSWER AND AFFIRMATIVE DEFENSES OF
                                                             CMRE FINANCIAL SERVICES, INC.

1           3.      CMRE be awarded costs of suit and reasonable attorneys' fees incurred herein;

2 and

3           4.      For such other and further relief as the Court may deem just and proper.

4

5 Dated:      November 29, 2007              ROPERS, MAJESKI, KOHN & BENTLEY

6

7                                                 By:

8                                              ALLAN E. ANDERSON

9                                              SEAN P. FLYNN

Attorneys for Defendant

10                                            CMRE FINANCIAL SERVICES, INC., a

California corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

- 5 -

**CASE NAME:**    **Mahamoud v. CMRE Financial Services, Inc.**

**ACTION NO.:**    37-2007-00078698-CU-MC-CTL

<div align="center">

**PROOF OF SERVICE**

</div>

I am a citizen of the United States. My business address is 515 South Flower Street, Suite 1100, Los Angeles, CA 90071. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**ANSWER AND AFFIRMATIVE DEFENSES OF CMRE FINANCIAL SERVICES, INC.**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

| | |
|---|---|
| Lilys D. McCoy, Esq. | Donald E. Bradley, Esq. |
| McCoy, Turnage & Robertson APLC | Judy Y. Chiang, Esq. |
| 5469 Kearny Villa Road, Suite 206 | Musick, Peeler & Garrett LLP |
| San Diego, CA 92123 | 650 Town Center Drive, Suite 1200 |
| (858) 300-1900 | Costa Mesa, CA 92626-1925 |
| (858) 300-1901 Fax | (714) 668-2400 |
| ldm@mtrlaw.com | (714) 668-2490 Fax |
| | d.Bradley@mpglaw.com |
| Attorneys for Plaintiff | |
| | Attorneys for Trans Union LLC |

☒ *(State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.*

Executed on November 29, 2007, at Los Angeles, California.

Polly Fung

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**"VIA FAX"**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

SAM MAHAMOUD, an individual

**DEFENDANTS**  07 NOV 30 PM II: 46

CMRE FINANCIAL SERVICES; TRANS NION LLC; EXPERIAN INFORMATION SOLUTIONS; DOES 1 through 100

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'07 CV 2260 H (WMC)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

McCoy, Turnage & Robertson, APLC - Phone: 858-300-1900
5469 Kearny Villa Road, Suite 206, San Diego, CA 92123

Attorneys (If Known)

Musick, Peeler & Garrett LLP - Phone: 714-668-2400
650 Town Center Dr., Ste. 1200, Costa Mesa, CA 92626

| **II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff | | | |
|---|---|---|---|---|---|
| | | (For Diversity Cases Only) | | and One Box for Defendant | |
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) | | PTF  DEF | | PTF  DEF |
| | | Citizen of This State | ☐ 1  ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4  ☐ 4 |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2  ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5  ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3  ☐ 3 | Foreign Nation | ☐ 6  ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☒ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Claim for damages for alleged injuries caused by consumer credit reporting

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:    JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):    JUDGE    DOCKET NUMBER

DATE    11/30/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 144948    AMOUNT $350    11/30/07 BY    APPLYING IFP    JUDGE    MAG. JUDGE

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1

## CERTIFICATE OF SERVICE

2 STATE OF CALIFORNIA
COUNTY OF ORANGE

3

4            I am employed in the County of Orange, State of California.  I am over the age of 18 and
not a party to the within entitled action; my business address is 650 Town Center Drive, Suite
1200, Costa Mesa, California 92626-1925.

5

6            On November 30, 2007, I served the foregoing document(s) described as **CIVIL COVER
SHEET** on the interested parties in this action as follows:

7            **See Attached List**

8    ☐    **BY PERSONAL DELIVERY.**  I delivered such envelope by hand to the offices of the
addressee.

9

10    ☒    **BY MAIL.**  I caused such envelope with postage thereon fully prepaid to be placed in the
U.S. Mail at Costa Mesa, California.  I am "readily familiar" with the firm's practice of
collection and processing correspondence for mailing.  Under that practice, it would be

11            deposited with the U.S. postal service on that same day with postage thereon fully prepaid
at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of

12            the party served, service is presumed invalid if postal cancellation date or postage meter
date is more than one day after date of deposit for mailing in affidavit.

13

14    ☐    **BY FACSIMILE TRANSMISSION.**  I caused such document to be transmitted to the
addressee(s) facsimile number(s) noted herein.  I caused the machine to print a
transmission record of the transmission.  No errors were reported.

15

16    ☐    **BY FEDERAL EXPRESS.**  I caused such envelope to the deposited at the Federal
Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery
charges prepaid.  I am "readily familiar" with the firm's practice of collection and

17            processing correspondence for delivery by Federal Express delivery service.  Under that
practice, it would be deposited with the delivery service on that same day with delivery

18            charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business
for delivery to the addressee.

19

20    ☐    **BY ECF.**  I caused such documents to be e-filed with the Court which were then served
via the ECF filing system.

21    ☐    **BY EMAIL**.  I emailed such documents to the addressees at their email addresses on the
attached list.

22

23            Executed on November 30, 2007, at Costa Mesa, California.

24    ☒    **(Federal)**  I declare that I am employed in the office of a member of the bar of this Court at
whose direction the service was made.  I declare under penalty of perjury under
the laws of the United States of America that the foregoing is true and correct.

25

26                                                    _____
                                                      Karen S. Reisner

27

28

477004.1

**SERVICE LIST**

| | |
|---|---|
| Lilys D. McCoy<br>McCoy Turnage & Robertson APLC<br>5469 Keany Villa Rd., Ste. 206<br>San Diego, CA 92123<br>Phone: 858-300-1900<br>Fax: 858-300-1910<br>ldm@mtrlawfirm.com | Allan E. Anderson<br>Ropers Majeski Kohn & Bentley<br>515 So. Flower St., Ste. 1100<br>Los Angeles, CA 90071<br>Phone: 213-312-2000<br>Fax: 213-312-2001<br>aanderson@rmkb.com |

Edward S. Chang
Jones Day
3 Park Plaza, Ste. 1100
Irvine, CA 92614
Phone: 949-851-3939
Fax: 949-553-7539
echang@jonesday.com

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

477004.1

2

## UNITED STATES
## DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 144948    – BH

November 30, 2007
11:43:16

## Civ Fil Non-Pris
USAO #.: 07CV2260 CIVIL FILING
Judge..: MARILYN L HUFF
Amount.:                 $350.00 CK
Check#.: BC# 9196


Total–>  $350.00


FROM: MAHAMOUD V. CMRE FINANCIAL SVC
      CIVIL FILING